Suit in equity by the Lewis State Bank, a corporation, against H.C. Buckland and wife to foreclose a second mortgage on defendants' land, in which defendants filed a counterclaim alleging invalidity of the mortgage. Decree for plaintiff, and defendants appeal.
Affirmed.
It appears by the record in this cause that H.C. Buckland and wife, Rilla Buckland, in the year 1933 were indebted to The Lewis State Bank of Tallahassee in the sum of $6,000 and the indebtedness was in default. The debt was evidenced by a first mortgage on described land situated in Duval County, Florida, and was the homestead of the mortgagors. The debt was refinanced through the Home Owners' Loan Corporation during the year 1933. The Lewis State Bank accepted for its first mortgage Home Owners' Loan Corporation's bonds in the approximate sum of $4,000 and a second mortgage on the Buckland property for the sum of $1,900 under date of November 21, 1933.
On August 7, 1946, The Lewis State Bank filed its bill of complaint to foreclose the second mortgage against the defendants-appellants and alleged that the defendants had not paid the principal sum of $1,900 or any installment of interest due thereon since the execution of the note and mortgage in November, 1933. In an amended counterclaim the defendants-appellants alleged that The Lewis State Bank, in the acceptance of the $4,000 of bonds of the Home Owners' Loan Corporation for its first mortgage on the appellants' property, consented and agreed to release all claims and demands accruing to it under the first mortgage and all obligations were extinguished by the acceptance of the bonds, and that the second mortgage sued upon is now invalid, without a lawful consideration and contrary to public policy.
Considerable testimony was taken in the court below on the issue of whether or not the Home Owners' Loan Corporation knew or had knowledge of the second mortgage given by the defendants-appellants to The Lewis State Bank, the contention being that the loan was made to lessen the financial burden of the mortgagors and the approval of the Home Owners' Loan Corporation was essential to the validity of the mortgage. The correspondence adduced into evidence between The Lewis State Bank and the Home Owners' Loan Corporation discloses a full knowledge of the existence of the second mortgage and on final hearing the Chancellor so held.
Our study of the record leads to the conclusion that the defendants-appellants failed to establish by competent testimony the material allegations of their amended counterclaim and on final hearing the Chancellor so decreed. We find an abundance of testimony in the record to support the conclusion of the Chancellor on the disputes and conflicts in the testimony. This Court will not, under our adjudications, reverse a Chancellor on questions of fact unless an abuse of discretion has been made to appear. We fail to find error in the record.
Affirmed.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur. *Page 920